## Employment of Females.   No. 4

Moss, Deputy Attorney General, May 11, 1932.—You have asked us to advise you whether it is permissible under the Act of July 25, 1913, P. L. 1024, for an employer to permit a female under twenty-one years of age to work after 9 o'clock in the evening during the three days in a week in which a holiday is observed, provided the maximum number of hours of labor allowed by the act is not exceeded.

Section three of the Act of July 25, 1913, P. L. 1024, as amended by the Act of June 1, 1915, P. L. 709, provides, in part, as follows:

"Section 3.  (a) No female shall be employed or permitted to work in, or in connection with, any establishment for more than six days in any one week or more than fifty-four hours in any one week, or more than ten hours in any one day.

"Provided, that during weeks in which a legal holiday occurs and is observed by an establishment, any female may be employed by such establishment during three days of such week for a longer period of time than is allowed by this act; but no female shall be permitted to work more than two hours overtime during any one of such three days, nor more than the maximum hours per week specified in this act."

Section five of the Act of 1913 reads as follows:

"Section 5. No female under twenty-one years of age shall be employed or permitted to work in, or in connection with, any establishment before the hour of 6 o'clock in the morning or after the hour of 9 o'clock in the evening of any day. Provided, that this section shall not apply to females over the age of eighteen years employed as telephone operators."

Under date of December 18, 1913, an opinion of this department was rendered to your predecessor advising him that females under twenty-one could be employed after 9 o'clock in the evening on the three days when overtime was allowed by the proviso to section three [Employment of Females (No. 3), 23 Dist. R. 175]. The writer of that opinion concluded that, as section three allowed "any female," without exception, to work overtime, section five, prohibiting females under twenty-one from working after 9 P. M., did not apply to such females on days when overtime work was permitted.

We find ourselves unable to agree with the conclusion reached in the former opinion of this department, and so far as it construes the Act of 1913 so as to permit females under twenty-one who come within its protection to be employed in any establishment after 9 o'clock in the evening, it is hereby overruled.

The sole purpose of section three is to limit the hours of employment for women in industry. Those limits are six days a week, fifty-four hours a week and ten hours a day. To this last limit there is the exception that for three days in a week in which a holiday is observed the employe may work a maximum of twelve hours per day, but the maximum number of hours per week must not be exceeded.

On the other hand, section four, as to female employes in manufacturing establishments, and section five, as to females under twenty-one in any establishment, limit the employment of such females to that part of the day between 6 A. M. and 10 P. M. and 6 A. M. and 9 P. M., respectively. These sections respectively allot a period of sixteen and fifteen hours of the day during which their employment must take place. Of those allotted hours, females are permitted to work only ten hours, except when overtime is allowed, and then only twelve hours, exclusive of the forty-five minutes allowed for a midday meal by section six, and forty-five minutes, required by section seven, for rest after any six hours of continuous work.

Under this interpretation, both sections can be applied with full effect. A female over twenty-one may be employed in manufacturing establishments on overtime days from 6 A. M. to 6.45 P. M., or from 7 A. M. to 8.30 P. M., or from 8.30 A. M. to 10 P. M. In the same way, females under twenty-one can be employed in other establishments the total maximum number of hours on overtime days between the hours of 6 A. M. and 9 P. M.

On principle and in practical application, there is no inconsistency between the two sections of the statute. The intention of the legislature to make both applicable is further evidenced by section fourteen. Under this section, whenever a female is permitted to work after 9 P. M. and the Secretary of Labor and Industry or his deputy feels that the individual is under twenty-one, the employer, upon demand, must submit evidence of her correct age. In default thereof, a presumption is raised that the employment is illegal. No exception is made as to days when overtime is permitted.

Therefore, you are advised that under section five of the Act of July 25, 1913, P. L. 1024, no female under twenty-one years of age, except telephone operators over eighteen years, is permitted to work in any establishment before 6 A. M. or after 9 P. M. on days when overtime is allowed.

From C. P. Addams, Harrisburg, Pa.